106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Michael WALKER, Defendant-Appellant.
 No. 96-5653.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1997.
 
 Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Christopher Michael Walker appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury found Walker guilty of conspiracy to possess and distribute lysergic acid diethylamide (LSD), in violation of 21 U.S.C. § 846, and guilty of selling, distributing or dispensing a controlled substance, in violation of 21 U.S.C. § 841. At sentencing, the district court determined that Walker was subject to a mandatory minimum sentence of ten years, but applied the first offender safety-valve provision of USSG § 5C1.2 and sentenced Walker to 109 months of imprisonment on each count to run concurrently.
 
 
 3
 On appeal, Walker's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Walker has not responded to his counsel's motion to withdraw. Defense counsel, believing the appeal to be without merit, has submitted the following issues for review: 1) whether the district court properly calculated the amount of LSD attributable to Walker for the purpose of determining the mandatory minimum statutory sentence; and 2) whether the district court erroneously denied him a downward departure under USSG § 5K2.13.
 
 
 4
 Upon review, we conclude that Walker's claims are meritless. Walker first claims that, for the purposes of setting the mandatory minimum sentence, the district court's method for calculating the amount of LSD attributable to him was speculative. The essence of Walker's claim is that he should be held accountable only for a quantity of LSD which would yield a mandatory minimum sentence of five years instead of ten. 21 U.S.C. § 841(b)(1)(B)(v). Walker's claim is meritless because the district court did not sentence him to a statutory mandatory minimum sentence. In Walker's case, the district court imposed a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence. USSG § 5C1.2. In addition, the district court correctly computed the LSD quantities. Walker contends that the district court improperly considered quantities of LSD that were not actually seized, and that he was improperly subjected to the ten-year mandatory minimum sentence. The appropriate mandatory minimum sentence is established by the total of the amount of drugs sold or distributed during the conspiracy. United States v. Hodges, 935 F.2d 766, 772 (6th Cir.1991). The statute prescribes a ten-year mandatory minimum sentence for a person convicted of distributing more than ten grams of a mixture or substance containing a detectable amount of LSD. See Neal v. United States, 116 S.Ct. 763, 768 (1996). The record clearly reveals that the weight of the drug and carrier medium greatly exceeded the ten-gram limit for purposes of determining the applicability of the mandatory minimum sentence.
 
 
 5
 Walker's second claim is meritless because the district court's decision not to depart downward is not subject to review. Walker contends that the district court erroneously denied him a downward departure under USSG § 5K2.13. A decision not to effect a downward departure is generally not cognizable on appeal. United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, United States v. Russell, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record remotely suggests that the district court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart downward. Thus, the district court's decision not to depart downward is not subject to review under 18 U.S.C. § 3742(a).
 
 
 6
 We have further examined the record in this case, including the transcripts of Walker's trial and sentencing hearing, and conclude that no reversible error is apparent from the record.
 
 
 7
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.