**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Michael PRESTININZI, Defendant–Appellant.**

**Nos. 00–5938, 00–5939.**

United States Court of Appeals, Sixth Circuit.

March 20, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

### ORDER

James Michael Prestininzi pleaded guilty to extortion and conspiracy to commit mail fraud, violations of 18 U.S.C. §§ 371 and 1951. He also entered a separate guilty plea to federal program fraud, a violation of 18 U.S.C. § 666(a)(1)(A). On June 28, 2000, Prestininzi was sentenced to concurrent terms of thirty months of incarceration and two years of supervised release. His consolidated appeals have been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Prestininzi's attorney has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Prestininzi was properly served with this motion, but he has not filed a timely response.

An independent examination of all the proceedings reveals no issue that would support a viable appeal in this case. *See id.* The rearraignment transcripts indicate that Prestininzi's guilty pleas were valid and that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. The court determined that Prestininzi was competent and that he understood his rights, the nature of the charges, and the consequences of his pleas. Prestininzi indicated that the decision to plead guilty was voluntary. He also he acknowledged a sufficient factual basis for his pleas.

Prestininzi did not object to the sentencing guideline range that had been calculated in the presentence report, and it is undisputed that his sentence fell within that range. Thus, his sentence is generally not appealable in the absence of a specifically identified legal error. *See United States v. Epley,* 52 F.3d 571, 580 (6th Cir.1995). Counsel now suggests that Prestininzi may wish to argue that the district court should have departed from the applicable guideline range because he was caring for his wife's grandmother and had made substantial efforts at rehabilitation. This argument lacks merit because the district court was clearly aware of its discretion to depart from the guideline range in appropriate cases, and its decision not to exercise that discretion is simply not reviewable on appeal. *See United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir.2000); *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995).

Prestininzi did not raise any other legal arguments at sentencing. Thus, he has

waived any other claims that he might have regarding his sentence, in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No other potential error is apparent from the record. Hence, any direct challenge to Prestininzi's sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.