**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Alexander BYRD,
Defendant–Appellant.**

No. 94–1821.

United States Court of Appeals,
Sixth Circuit.

Argued April 6, 1995.

Decided April 28, 1995.

Cynthia J. Oberg (argued and briefed), Office of the U.S. Atty., Detroit, MI, for plaintiff-appellee.

Susan M. Murnane (argued and briefed), Chirco, Herrinton, Runstadler & Thomas, Troy, MI, for defendant-appellant.

Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Defendant, Michael Byrd, pled guilty to a two-count indictment charging unarmed bank robbery. *See* 18 U.S.C. § 2113(a). The plea was pursuant to a Fed.R.Crim.P. 11 agreement which provided that any sentence imposed would not exceed 155 months. Because of defendant's extensive prior felony record, the sentencing guidelines required that he be sentenced as a career offender. This resulted in a guideline range of 151–188 months.

At sentencing, defendant sought a downward departure based upon the fact that both of the robberies to which he pled guilty were accomplished by intimidation, and not through the use of a weapon. Defendant also urged that the small amount of money taken in each of the two robberies was a further ground meriting a downward departure. The district court declined the invitation to depart downward and this appeal followed.

Our review of the record convinces us that no error occurred, and we affirm.

## I.

■ We note at the outset that the refusal of a district judge to make a downward departure is not ordinarily appealable. As we stated in *United States v. Davis,* 919 F.2d 1181, 1187 (6th Cir.1990):

> Where, as here, the guideline range was properly computed, the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal under 18 U.S.C. § 3742(a).

Defendant makes an effort to avoid this well-established rule by arguing that the record does not affirmatively show that the district judge was aware he had the authority to make a downward departure. Although we have not addressed this specific argument in our decided cases, several circuits that have addressed the issue have reached a result contrary to that sought by the defendant here. At least four circuits have concluded

that there is no duty on the trial judge to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so. *See United States v. Bailey,* 975 F.2d 1028, 1035 (4th Cir.1992); *United States v. Helton,* 975 F.2d 430, 434 (7th Cir.1992); *United States v. Georgiadis,* 933 F.2d 1219, 1222 (3d Cir.1991); *United States v. Garcia-Garcia,* 927 F.2d 489, 491 (9th Cir.1991). We are in full agreement with the result reached in these other circuits. We also agree with the observation recently made by the Tenth Circuit that district judges are now quite familiar with the guidelines, and an appellate court should be reluctant to "treat as ambiguous" a ruling which does not affirmatively state that the judge knew he could depart downward but failed to do so. *United States v. Barrera-Barron,* 996 F.2d 244, 245 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 358, 126 L.Ed.2d 321 (1993). Rather, it should be assumed "that the court, in the exercise of its discretion, found downward departure unwarranted." *Id.* at 246.

## II.

■ Finally, even if this issue were properly before us, we would conclude no error occurred in refusing to make a downward departure. The defendant bases his argument for downward departure on the fact that, if he was being sentenced for bank robbery alone, the fact that he had no weapon and secured only relatively small amounts of cash would be relevant sentencing considerations. The argument misapprehends the purpose of the career offender provisions of the guidelines. The significance of the bank robbery charge stems from what it indicates as to defendant's recidivist tendencies. Defendant's sentence in this case is driven by his being a repeat offender, not the precise nature of the violent felony which made the career offender provisions applicable. The offense pled to might have relevance to where the sentence should be imposed within the guideline range. Here, however, because of his Rule 11 plea agreement defendant was in fact sentenced near the bottom of the guideline range, notwithstanding that the tri-

al judge thought the sentence was too lenient.

**AFFIRMED.**