67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John BURRUS, Defendant-Appellant.
 No. 94-6655.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1995.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Burrus, the defendant, pleaded guilty to charges of possession of marijuana, possession with the intent to distribute approximately 185 grams of crack cocaine, and conspiring to distribute crack cocaine. 21 U.S.C. Secs. 841, 844, 846. The district court sentenced him to 135 months imprisonment, which is at the low end of the sentencing range given his crimes and his criminal history. His only claim on appeal is that the district court erred in sentencing him because it did not know it had the discretion to depart downward from the sentencing range. We disagree, and AFFIRM the judgment of the district court.
 
 I.
 
 2
 On November 19, 1993, local authorities learned that a United Parcel Service package addressed to "John Bee, 515 S. 18th St., Apt. 379, Louisville, Kentucky" contained a large amount of crack cocaine. The authorities made a controlled delivery to the apartment, and Burrus accepted the package in the lobby. He then placed it in the trunk of his car, and drove to a local housing project, followed by law enforcement officials. When Burrus stopped his car and went to the trunk, the officers approached him and identified themselves. Burrus then fled the scene on foot. The officers recovered the package from the trunk of the car.
 
 
 3
 The package contained an assortment of groceries and 185 grams of crack cocaine hidden in a jar of peanut butter. The officers then searched the apartment to which the package was addressed and found a small amount of marijuana, two pistols, and a shoulder holster. Burrus's grandmother, who had suffered a stroke and was in poor health, rented and lived in the apartment.
 
 
 4
 The grand jury returned a four-count indictment, charging Burrus with conspiracy under 21 U.S.C. Sec. 846, possession of crack cocaine with the intent to distribute under 21 U.S.C. Sec. 841, illegal possession of a firearm under 18 U.S.C. Sec. 924, and possession of marijuana under 21 U.S.C. Sec. 844. Burrus, later apprehended, pleaded guilty to the drug charges and entered into a plea agreement. Pursuant to the agreement, the government dismissed the firearm count. The government also promised to recommend a sentence "at the lowest end of the applicable Guideline Range." J.A. at 44.
 
 
 5
 At the time of his sentencing, Burrus was nineteen years old. Although he had not completed high school, he was active as a peer counselor, was a certified lifeguard, and worked as a laborer in his uncle's construction company. He comes from a broken home, and may be the father of a young child. Since his grandmother had her stroke, he has been responsible for her care. After a sentencing hearing, in which his mother spoke on his behalf, the district court sentenced the defendant to 135 months in prison, the shortest sentence available under the Guidelines.
 
 II.
 
 6
 On appeal, Burrus contends that the district court should have departed downward from his sentencing range because of (1) his extraordinary family circumstances (he was the primary caretaker of his grandmother); and (2) the cumulative effect of his extraordinary circumstances. The issue in this case is whether the district court, in sentencing the defendant, knew it had the discretion to depart downward from the applicable sentencing range. Our opinion in United States v. Landers, 39 F.3d 643 (6th Cir.1994), succinctly states the law regarding this court's power to review a district court's decision not to depart downward:
 
 
 7
 Ordinarily, a sentence conforming to the range mandated by the guidelines cannot be appealed simply because the trial judge refused to award a downward departure. However, an appeal may be cognizable where a district judge incorrectly believed that he lacked any authority to consider defendant's mitigating circumstances as well as the discretion to deviate from the guidelines.
 
 
 8
 Id. at 649. Moreover, as we recently stated in United States v. Byrd, 53 F.3d 144 (6th Cir.1995), "there is no duty on the trial judge to state affirmatively that he knows he possesses the power to make a downward departure.... [D]istrict judges are now quite familiar with the guidelines, and an appellate court should be reluctant to 'treat as ambiguous' a ruling which does not affirmatively state that the judge knew he could depart downward but failed to do so." Id. at 145.
 
 
 9
 Burrus bases his appeal on a colloquy between the district judge and defense counsel at the sentencing hearing during which the district judge seemed to indicate that he could not consider a downward departure. Later in the sentencing hearing, however, the judge made the following finding of law:
 
 
 10
 [U]nder the guidelines there have been no factors cited of those which you just listed [--work ethic, cooperation with police, family situation, and moral fiber--] which is [sic] legitimate in justifying a downward departure under the law that binds this court and the United States, and secondly, pursuant to the plea agreement, all parties agreed that the sentence at the low end was the appropriate sentence.
 
 
 11
 J.A. at 63-64. This finding of law shows that the district judge knew he could consider a downward departure, but simply refused to do so. Furthermore, the district judge quoted commentary from the guidelines indicating that he had discretion, but that downward departure is justified only in "extremely rare" cases. J.A. at 74 (quoting U.S.S.G. Sec. 5K2.0, p.s., comment. (1994)). Thus, on a close examination of the record we find that the district judge determined not to grant a downward departure because the specific facts of this case do not warrant such a departure.
 
 
 12
 Accordingly, we AFFIRM the judgment of the district court.