96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cecelia MORALES-BERRONES, Evodio Morales-Fitta, Defendants-Appellants.
 Nos. 95-3402, 95-3404.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1996.
 
 On Appeal from the United States District Court for the Northern District of Ohio, Western Division, No. 94-00717; David A. Katz, Judge.
 N.D.Ohio
 REMANDED.
 Before: KEITH and SILER, Circuit Judges; GIBBONS, Chief District Judge.*
 PER CURIAM.
 
 
 1
 These sentencing appeals present the issue of whether the district court misinterpreted this court's precedent and thus incorrectly found that it was precluded from considering a downward departure from the United States Sentencing Guidelines based on extraordinary family circumstances.
 
 
 2
 The factual background of the case is as follows. On February 28, 1994, appellants Cecelia Morales-Berrones and Evodio Morales-Fitta, a married couple, were stopped for speeding while driving north in their van on Interstate 75 in the State of Ohio. A consensual search of the vehicle by a representative of the Ohio Highway Patrol revealed thirty-six bundles of compressed marijuana totalling 529 pounds.
 
 
 3
 Appellants pled guilty to possession of approximately 100 kilograms of marijuana with intent to distribute. At sentencing, on March 17, 1995, appellants, who are parents of two young children, ages four and eleven, requested a downward departure on the grounds that imprisonment of both parents constituted extraordinary family circumstances.[1] The district court declined to depart and sentenced each appellant to a period of thirty-seven months imprisonment followed by four years of supervised release. These appeals from the denial of downward departures based on extraordinary family circumstances followed.
 
 
 4
 A district court's decision not to depart downward from the sentencing guidelines is subject to appellate review only if the district court believed, as a matter of law, that it lacked the power to depart in extraordinary circumstances. United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S.Ct. 149 (1994); United States v. Dellinger, 986 F.2d 1042, 1044 (6th Cir.1993) (district court's decision that it lacked power, as a matter of law, to depart downward, was subject to appellate review, but no jurisdiction existed to review lower court's discretionary refusal to depart downward).
 
 
 5
 When determining whether the district court decision resulted from a legal determination that it lacked power or from an exercise of its discretion, "it should be assumed that the court, in the exercise of its discretion, found downward departure unwarranted." United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995) ("[T]here is no duty on the trial judge to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so."). Despite this presumption that the district court knew of its power to depart downward, this court frequently reviews refusals to depart downward if it appears from the record that the district court perceived that it lacked the power to consider departure. See United States v. Ebolum, 72 F.3d 35, 37 (6th Cir.1995); United States v. Hall, 71 F.3d 569, 573 (6th Cir.1995); United States v. Thomas, 49 F.3d 253, 260 (6th Cir.1995).
 
 
 6
 While the transcript of the sentencing hearing is not entirely free from ambiguity, a fair reading of the overall record indicates that the district court believed it was without authority to consider a downward departure based on extraordinary family circumstances or parental responsibilities. On several occasions, the district judge indicated that he felt prohibited from "even entertaining an analysis" as to whether appellants' circumstances are sufficiently extraordinary. The district judge specifically referred to this court's decision in United States v. Brewer, 899 F.2d 503 (6th Cir.), cert. denied, 111 S.Ct. 127 (1990), which he interpreted as holding that parental responsibilities are never extraordinary circumstances for purposes of a downward departure. Indeed, the district judge stated at various points in the sentencing hearing that, should the dissent in Brewer become the law, he would then be free to consider family circumstances when considering whether to depart downward. Based on this record, we cannot presume that the district court knew of its authority to depart downward. Rather, the district court found that it lacked the power to depart downward, and thus this court will review its decision.
 
 
 7
 The court below misconstrued this court's holding in Brewer. There is no per se rule precluding the consideration of family circumstances or parental responsibilities in deciding whether a downward departure is warranted. Section 5H1.6 of the Federal Sentencing Guidelines provides that,
 
 
 8
 Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.
 
 
 9
 Every circuit court of appeals that has considered this policy statement has concluded that family considerations are an appropriate basis for departing downward if the circumstances are extraordinary. See United States v. Canoy, 38 F.3d 893, 906 (7th Cir.1994) (citations omitted) (following "the other circuits [which] are unanimous in finding that section 5H1.6 permits departures from an imprisonment range to account for family circumstances in an extraordinary case."). The district court, while expressing a desire to follow Canoy, felt constrained by this court's decision in Brewer. In Brewer, however, we did not conclude that the district court could not depart in extraordinary circumstances; rather we found that extraordinary circumstances did not exist in that case. Brewer, 899 F.2d at 508 ("[d]efendants have pointed to no facts in this record which indicate that these factors are present to a degree substantially in excess of that which ordinarily are involved."). See also United States v. Fletcher, 15 F.3d 553, 557 (6th Cir.1994) (finding family responsibilities, in combination with other factors, to be a sufficient basis for downward departure).
 
 
 10
 Therefore, the district court may consider family circumstances and may consider parental responsibilities. The specific question that the district court must address is whether those circumstances and responsibilities, either individually or in combination with other permissible circumstances, convert this case from an ordinary one into an extraordinary one.
 
 
 11
 Of course, as Brewer recognized, the mere existence of parental responsibilities is not extraordinary. Brewer, 899 F.2d at 508; see also United States v. Calhoun, 49 F.3d 231, 237 (6th Cir.1995). Nevertheless, one's parental responsibilities may constitute extraordinary responsibilities in some cases. See, e.g., United States v. Johnson, 964 F.2d 124, 129 (2d Cir.1992) (family circumstances extraordinary where the defendant was a single mother who "was solely responsible for the upbringing of her three young children, including an infant, and the young child of her institutionalized daughter."); United States v. Pena, 930 F.2d 1486, 1494 (10th Cir.1991) (upholding a downward departure for a defendant whose illegal conduct was aberrational, who was a single parent of a two-month old, and who supported another daughter and her infant).
 
 
 12
 Obviously, it is impossible to determine in the abstract those circumstances that are extraordinary. The nature and magnitude of family responsibilities may be affected by the number and age of children, the existence of handicaps or medical conditions, the possibility that family or friends rather than strangers will assume custody, and the qualities surrounding the parental-child relationship. See United States v. Rivera, 994 F.2d 942, 948 (1st Cir.1993) (Breyer, C.J.) (listing some of the factors that may convert an ordinary familial responsibility into an extraordinary one). This case is remanded to the district court for consideration of whether extraordinary family circumstances exist with respect to either appellant which would justify downward departure.
 
 
 13
 SILER, Circuit Judge, dissenting.
 
 
 14
 I respectfully dissent. As the majority opinion states, we must first assume that the district court knew it could depart downward, but found that it was unwarranted. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995). However, this court can review the refusal to depart downward if the district court perceived that it lacked the power to consider departure. See United States v. Epolum, 72 F.3d 35, 37 (6th Cir.1995).
 
 
 15
 Nevertheless, in this case, although there is some ambiguity as to why the court declined to depart downward, it was quite specific in stating that it knew it could depart downward but declined to do so. For example, defense counsel in court stated: "This Court is not considering, does not believe it has the power to consider a downward departure, for these extraordinary family responses, under 5H1.6, based upon consideration, based upon Brewer. Is that correct?"
 
 The court then responded:
 
 16
 No, that is not correct. What I said was I consider those, these circumstances, within the Guidelines, in determining which of the, what sentence to impose within the range available under the Guideline range, of 37 to 46 months. However, it appears to me, from Brewer, that these circumstances would not be of the nature to be considered extraordinary and, therefore, justify any downward departure.
 
 
 17
 The majority opinion recognizes that the court followed Brewer, but felt that Brewer precluded any downward departure. However, Brewer only followed USSG § 5H1.6, that "family ties and responsibilities and communities ties are not ordinarily relevant in determining whether a sentence should be outside the Guidelines." It was also the position of the prosecution at sentencing that the court could consider family responsibilities, but there was nothing extraordinary about this case that would require that consideration.
 
 
 18
 For these reasons, I think that the court recognized it could depart, but declined to do so, as there were no extraordinary circumstances arising in this case. Thus, I would affirm the district court.
 
 
 
 *
 The Honorable Julia S. Gibbons, Chief United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Appellants also requested downward departures on other bases which are not the subject of this appeal