96 F.3d 1449
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Zane SHORT, Defendant-Appellant.
 No. 95-6244.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1996.
 
 Before: LIVELY, SILER and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Larry Zane Short appeals his conviction and sentence following a conditional guilty plea to three counts of unlawful possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). The issues on appeal are: (1) whether the district court erred by denying the motion to suppress and by refusing to allow Short to confront the confidential informant who gave information to law enforcement authorities to support the issuance of a search warrant; (2) whether the district court erred by refusing to reduce the sentence under USSG § 5K2.0; and (3) whether the district court erred by increasing the offense level by two points for obstruction of justice under USSG § 3C1.1. For reasons stated herein, we affirm both the conviction and the sentence.
 
 
 2
 In this case, a search warrant was executed at Short's home in Piperton, Tennessee. There, the federal agents uncovered 12 unregistered firearms, primarily machine guns and silencers, and 65 other firearms illegally possessed by Short, who was a convicted felon. The search warrant was issued after an affidavit was presented to the court that a confidential informant who had been reliable in the past had informed the agent that Short possessed approximately 25-30 firearms in his home. Short asserts that the district court erred by refusing his request to confront the confidential informant, so that he could prove the unlawfulness of the search warrant. Short asserts that the informant was actually an agent of the government who illegally searched his home, so the only way he could establish the falsity of the affidavit supporting the search warrant would be to confront the informant. The magistrate judge in this case conducted an en camera hearing with the agent who signed the affidavit and the confidential informant who was the source of the information. This court has reviewed that transcript, and we find that the informant was not an agent of the government. Therefore, the court properly declined to require the prosecution to reveal the identity of the informant under Roviaro v. United States, 353 U.S. 53, 59-61 (1957).
 
 
 3
 The second issue raised by Short is that the court should have departed downward in sentencing under USSG § 5K2.0, because Short voluntarily turned over to the authorities a machine gun and two silencers. Here, the district court understood it could depart downward, but declined to do so. Under those circumstances, the failure to depart downward is not reviewable on appeal. United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995).
 
 
 4
 The third issue raised is whether the court erred by imposing a two-level sentence enhancement under USSG § 3C1.1 for obstruction of justice. The court found that Short obstructed justice because of an incident which occurred in open court. At the sentencing hearing, the district court ordered Short to be incarcerated for a psychiatric evaluation. At that moment, the defendant pulled out a metal nail file and raised it as if to stab a deputy U.S. Marshal. Another Marshal even drew his firearm in reaction to Short's conduct. Under USSG § 3C1.1, a two-level enhancement is authorized if a defendant "wilfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing" of the crime. Under the circumstances of what occurred in court, there was no error in finding an obstruction of justice.
 
 
 5
 AFFIRMED.