101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Philip John CAPLING, III, Defendant-Appellant
 No. 94-1265.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: MERRITT, JONES, and COLE, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Defendant Philip John Capling, III appeals his sentence in this case. The questions presented are: 1) Whether the district court erred in including the weight of the carrier medium and LSD in determining Capling's sentence under 21 U.S.C. § 841(b)(1) and 2) whether Capling should receive a downward departure pursuant to § 5H1.4 of the Sentencing Guidelines for his medical condition.
 
 
 2
 Defendant Capling, who has tested positive for Human Immunodeficiency Virus (HIV), pleaded guilty to conspiracy to possess lysergic acid diethylamide (LSD) with intent to distribute in violation of 21 U.S.C. § 846. Based on the amount of LSD for which Capling admitted responsibility and his criminal history, Capling's sentencing guideline range was computed to be 262 to 327 months. The District Court departed downward from the guideline range because of Capling's substantial assistance and sentenced him to 120 months imprisonment and five years supervised release.
 
 
 3
 On appeal Capling challenges the method of weight calculation used to determine his sentence under the Sentencing Guidelines. He contends that pursuant to Amendment 488 of the Sentencing Guidelines, the weight of LSD should not include the weight of the carrier medium when determining a statutory sentence. Instead, a standard weight of 0.4 milligrams should be used to measure LSD for sentencing purposes. Capling maintains that the District Court's sentence of 120 months is incorrect because the court included the weight of the carrier medium in determining his sentence. If the weight of the LSD with which Capling was involved had been calculated without using the weight of the carrier medium, it would have come to only 800 milligrams. If that weight were used for sentencing purposes, Capling would not be subject to a mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(v) (requiring a sentence of at least 10 years for possession or distribution of 10 grams or more of LSD).
 
 
 4
 Since Capling filed this appeal, the Supreme Court has announced its decision in Neal v. United States, 116 S.Ct. 763 (1996) (adhering to Chapman v. United States, 453 U.S. 460 (1991)); and although the decision is harsh, we are bound to apply it. The Court held in Neal that 21 U.S.C. § 841(b)(1) directs sentencing courts to count the actual weight of a carrier medium with its absorbed LSD, even though Amendment 488 of the Sentencing Guidelines requires a different method of calculating the weight of LSD. Neal, 116 S.Ct. at 769.
 
 
 5
 Capling also argues on appeal that in addition to the downward departure he received for substantial assistance, he should have received a downward departure pursuant to 1995 U.S.S.G. § 5H1.4 for his HIV illness. Capling maintains that the District Court mistakenly believed it was without authority to depart downward based on his illness.
 
 
 6
 A District Court's failure to depart downward is not ordinarily appealable when the court is aware of the rules governing the exercise of its authority to depart, but a sentencing court's failure to depart downward because it was unaware of its discretion to do so is cognizable on appeal. United States v. Hall, 71 F.3d 569, 573 (6th Cir.1995). Capling contends that the record is silent as to whether the sentencing court considered a departure based on his illness. Appellant's Brief at 11. He, therefore, concludes that the sentencing court did not consider his medical condition when it decided whether to depart downward in his case.
 
 
 7
 The District Court was aware of Capling's medical condition and its authority to depart downward for his condition if such action were appropriate. Furthermore, the District Court did consider Capling's illness before making a sentence determination. First, Capling's medical condition was noted in his presentence report. Second, during the sentencing hearing when the District Court considered the government's motion for departure for substantial assistance, Capling's attorney said "I think that [Capling's HIV illness] is certainly a factor that this Court should and I am sure will consider in giving thought to the departure that the Government has requested and that we have made part of the Rule 11 Agreement." J.A. 84. Third, the government, at a minimum, tacitly agreed that the Court should consider Capling's illness when making its sentence determination because it did not object to this statement by Capling's counsel. Finally, at the close of Capling's sentencing hearing, the court stated before rendering a sentence:
 
 
 8
 "Well, I have had the benefit of a full and complete probation report; also, the benefit of a partial trial in which a mistrial was declared and a new counsel attorney [sic] appointed. I have had the benefit of the various letters of defense counsel and the United States Attorney. I think the downward departure that you asked for under 5K1 of the Guidelines is justified in this case."
 
 
 9
 J.A. 84-85. The court then sentenced Capling to a statutory mandatory minimum of 120 months imprisonment and five years supervised.
 
 
 10
 These facts show the District Court was well aware of its authority to depart downward for Capling's medical condition and that the District Court considered Capling's condition before determining his sentence. United States v. Byrd, 53 F.3d 144 (6th Cir.1995). "There is no duty on the trial judge to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so." Id. at 145.
 
 
 11
 Finding no error in the District Court's judgment, we accordingly affirm.