**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carson HUTCHISON, Defendant–
Appellant.**

**No. 99–6010.**

United States Court of Appeals,
Sixth Circuit.

March 22, 2001.

Before MERRITT, NELSON, and BATCHELDER, Circuit Judges.

PER CURIAM.

The Appellant Carson Hutchison appeals the District Court's denial of his motion for a downward departure based on his health problems, assistance to the government, and a combination of these factors and his record of community service. We affirm the decision of the District Court.

## I.

On April 28, 1997, the U.S. Attorney for the Eastern District of Tennessee filed an information charging the defendant, Carson Hutchison, with conspiring to unlawfully, knowingly, intentionally, and without authority dispense and distribute Schedule III narcotics, including hyrdocodone bitartrate and codeine. Hutchison entered a plea of guilty to the offense on May 27, 1997.

Based on the Presentence Report prepared for Hutchison, the applicable Sentencing Guideline range required imprisonment for at least 30 months, but not more than 37 months. The applicable fine fell between $6,000 and $60,000. Hutchison did not object to the presentence report, however, he did file four separate motions for downward departure. The motions were based on physical impairments, service to the community, attempts to render substantial assistance, and the combination of all these circumstances. The government responded in opposition to each of these motions.

Defendant-appellant Carson Hutchison was a veterinarian practicing near Knoxville, Tennessee. Beginning in 1993, Hutchison supplemented his income by illegally selling narcotics that he purchased through his practice. The drugs sold included hydrocone and codeine, Schedule III narcotic controlled substances. In his plea agreement, Hutchison admitted to ordering 123,500 dosage units of hydrocone bitartrate tablets, and 119,200 dosage units of acetaminophen with codeine tablets between January of 1993 and November of 1996. DEA records showed that Hutchison purchased the second highest number of codeine products of any practitioner in the United States during those years.

Hutchison admitted that he sold the drugs to a fellow Vietnam veteran named Greenlee, who needed them for pain management. Hutchison subsequently agreed to assist the government in building a case against Greenlee. Over the next three years, Hutchison, acting as an agent for the government, made several contacts with Greenlee. However, he was unable to provide any evidence that the government considered worthwhile. During this period, Hutchison suffered a heart attack. He was treated surgically, and remains on a prescribed regimen of diet, exercise and medication.

After his guilty plea, the court was deluged with letters from the community requesting leniency on account of Hutchison's exemplary community service and good character. The letters told stories of "Doc," as he was known, braving ice storms to deliver kittens, treating animals free of charge, loaning money to those in need, and generally being a good "family man" and a "pillar of the community." The District Court took this community service into account and granted a downward departure of six months. The court declined, however, to grant Hutchison further departures based on his physical condition, attempted assistance, or the combination of these factors. The court noted that Hutchison's efforts at assistance left questions in its mind regarding the sincerity of his effort, and that proceeds of the

drug sales, estimated at between $100,000 to $150,000 had never been recovered. Out of concern for Hutchison's family, the court waived the fine. At sentencing, the court granted a downward departure on the basis of extraordinary community service and sentenced the defendant to 24 months in prison, followed by two years of supervised release.

The defendant filed a timely notice of appeal to this court.

## II.

Congress has limited the appealability of sentences in 18 U.S.C. § 3742. The law is clear that when a district court was aware of its authority to depart, but exercising its discretion, declined to do so, the sentence is not subject to appellate review. *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995); *United States v. Dellinger*, 986 F.2d 1042 (6th Cir.1993); *United States v. Davis*, 919 F.2d 1181, 1187–88 (6th Cir.1990); *United States v. Draper*, 888 F.2d 1100, 1105 (6th Cir.1989); accord, *United States v. Sawyers*, 902 F.2d 1217 1221 n. 5 (6th Cir.1990).

Here, the defendant bases his claim on the court's failure to mention specifically the motion requesting departure due to the combination of mitigating factors. Hutchison posits that this failure to mention this motion specifically indicates that the court was unaware of its authority to depart. This contention is not supported by the record, or by law.

The law presumes that a district court is aware of its authority to depart. *United States v. Hill*, 167 F.3d 1055, 1071 (6th Cir.), cert. denied, 528 U.S. 872, 120 S.Ct. 175, 145 L.Ed.2d 148; *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995). The court is not required to indicate

awareness of its departure authority by affirmatively acknowledging such power. *Hill*, at 1071.

In this case, the record shows that the court gave careful consideration to the defendant's arguments. In chambers, the parties discussed at length Hutchison's failed efforts to assist the government. In regard to the government's refusal to move for a departure based on substantial assistance, the U.S. Attorney stated:

> I struggled with it a lot. Maybe in large part because I feel sorry for that wife and kids. If there was a way I could come here and honestly represent to you that he rendered substantial assistance, I wanted to do it. I didn't feel like I could do that Judge, I really didn't.

The court then convened the sentencing hearing. At the hearing, defense counsel argued:

> We rely on four motions which individually each present areas that we think that your Honor can depart, but collectively they clearly show this case to have exceptional circumstances that differentiate this case from the heartland of cases.

Defense counsel then discussed the defendant's medical condition. The court responded with specific questions regarding the course of treatment provided by Hutchison's physician. Judge Jarvis even remarked, "I searched those records fairly well. Why wouldn't they do a bypass on him? I mean, they don't talk about that at all."

Hutchison's attorney also recited the heart-warming stories of animals rescued by the defendant, and his practice of charging minimal prices and frequently forgoing fees altogether for poorer pet owners.[1] The court also heard about

---

1. Much is made of "Doc's" generosity, e.g., refusing to accept fees, asking that fees be donated to charity, and loaning money to the "less fortunate" without any expectation of repayment. However, the evidence also shows that he could afford to be generous. The record indicates Hutchison purchased the

Hutchison's service in Vietnam and his devotion to his family.

After hearing all the mitigating evidence, the District Court found that the attempts at cooperation were not sufficient to warrant departure, nor were Hutchison's health problems so severe as to qualify him for such action. However, the court did grant a six-month downward departure based on community service.

There is simply no evidence to indicate that Judge Jarvis was unaware of his authority to consider the mitigating factors collectively, or that he failed to make such a consideration. At the beginning of the hearing, defense counsel brought the collective mitigating factors to the court's attention. The court thoroughly examined each of the mitigating factors and discussed them with counsel in his chambers and during the sentencing hearing.

Hutchison never objected to the sentencing report, nor has he claimed the court misapplied the guideline. Applying the presumption that a district court is aware of its own authority, we hold that Hutchison does not present a cognizable claim on appeal. *See United States v. Davis*, 919 F.2d 1181, 1187 (6th Cir.1990) ("Where, as here, the guideline range was properly computed, the district court was not unaware of its discretion to depart from guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable under 18 U.S.C. § 3742(a)").

For the foregoing reasons, the order of the District Court is AFFIRMED.

---

drugs at about 9 cents per dose, and sold over 200,000 doses at a rate of around 75 cents per dose.

