**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles E. WARNETT, Defendant–**
**Appellant.**

**No. 99–4548.**

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.[*]

*ORDER*

Charles E. Warnett pleaded guilty to bank robbery, a violation of 18 U.S.C. § 2113(A). On December 3, 1999, he was sentenced to 151 months of imprisonment and three years of supervised release. It is from this judgment that Warnett now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

It is undisputed that a sentencing guideline range of 151 to 188 months applied in Warnett's case, as he was a career offender within the meaning of USSG § 4B1.1. However, Warnett moved the district court to depart downward from this range, primarily alleging that he had not intended to rob the bank when he first entered it. The sentencing judge rejected this argument, and Warnett now argues that the judge wrongly believed that he was not

---

[*] The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

authorized to impose a sentence below the guideline range.

The failure or refusal of the district court to depart downward from the applicable guideline range is not appealable, unless the court incorrectly believed that it lacked the authority to do so. *United States v. Henderson,* 209 F.3d 614, 617 (6th Cir.2000). At Warnett's rearraignment, the district judge expressly stated that he had "the authority under some circumstances to impose a sentence less severe ... than the sentence called for by the guidelines." At Warnett's sentencing, the judge again expressly acknowledged that he had "the power to consider and grant a departure." These statements show that the district court was well aware of its discretion to depart from the guidelines in appropriate cases. The court's decision not to exercise that discretion here is simply not reviewable on appeal. *See id.* at 617–18; *United States v. Byrd,* 53 F.3d 144, 145–46 (6th Cir.1995).

Accordingly, the district court's judgment is affirmed.