**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Luciano MARIN–MAYORGA,**
Defendant–Appellant.

No. 00–1455.

United States Court of Appeals,
Sixth Circuit.

May 2, 2001.

Before NELSON and BATCHELDER, Circuit Judges; FEIKENS, District Judge.*

### ORDER

Luciano Marin–Mayorga appeals his judgment of conviction and sentence. Both parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Marin–Mayorga pleaded guilty to reentering the United States after deportation in violation of 8 U.S.C. § 1326(a). The district court sentenced Marin–Mayorga to 48 months of imprisonment and two years of supervised release, and the court imposed a $100 special assessment and a $500 fine. In this timely appeal, Marin–Mayorga argues that the district court erred in not departing downward from his Sentencing Guidelines range in imposing his sentence.

■■■ Upon review, we conclude that this court lacks jurisdiction to review Marin–Mayorga's claim. While Marin–Mayorga acknowledges that the district court properly calculated his Guidelines range, he asserts that the court should have departed downward from this range. The district court's discretionary refusal to depart downward generally is not appealable, unless the court mistakenly believed that it did not have the legal authority to depart downward. *United States v. Harris,* 237

F.3d 585, 591 (6th Cir.2001); *United States v. Moore,* 225 F.3d 637, 643 (6th Cir.2000).

Marin–Mayorga argues that the court incorrectly believed that it did not have the discretion to depart downward in his case. He relies on USSG § 2L1.2, comment. (n.5), which provides that, for a defendant sentenced under this Guidelines provision, a downward departure may be warranted if the defendant previously had been convicted of only one felony offense, which was not a crime of violence or firearm offense, and the term of imprisonment did not exceed one year. Marin–Mayorga argues that he fits within the criteria of this commentary note, but that the district court believed it did not have the discretion to depart downward under this section.

■■■ Marin–Mayorga's argument is without merit. The district court has no duty to state affirmatively that it knows it possesses the power to depart downward but declines to do so. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). When reviewing a ruling which fails to affirmatively state that the district court knew it could depart downward, this court assumes that the district court, in the exercise of its discretion, found a downward departure unwarranted. *Id.*

The record reflects that the district court was aware of its discretion to depart. Marin–Mayorga filed a motion for a downward departure and counsel argued the motion orally at the sentencing hearing. The Pre–Sentence Investigation report also noted that Marin–Mayorga may be eligible for a departure. Marin–Mayorga refers to a statement by the court that a departure was "not applicable;" the record

---

* The Honorable John Feikens, United States District Judge for the Eastern District of    Michigan, sitting by designation.

demonstrates, however, that the court made this statement immediately after reviewing Marin–Mayorga's criminal history, and that the court's conclusion was that, in light of this criminal history, a downward departure was not appropriate. Since the court was aware of its discretion to depart downward, this court has no jurisdiction over this appeal challenging the district court's failure to sentence below the Guidelines range. *United States v. DeSantis,* 237 F.3d 607, 614 (6th Cir.2001); *Moore,* 225 F.3d at 643.

Accordingly, this court dismisses this appeal for lack of jurisdiction.