**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Lee BENSON, Defendant–
Appellant.**

No. 00–5821.

United States Court of Appeals,
Sixth Circuit.

July 24, 2001.

Before SILER and GILMAN, Circuit Judges; GIBBONS, District Judge.*

PER CURIAM.

Defendant John Lee Benson appeals his conviction and sentence on three counts of being a felon-in-possession of a firearm and ammunition. He argues that the prosecution impermissibly prejudiced him by admitting into evidence a prior conviction that had been set aside and that the district court abused its discretion by not granting him a downward departure for extraordinary physical impairment. Benson seeks a reversal of his conviction and remand of his case for entry of a judgment of acquittal. In the alternative, he requests a remand for a downward departure on his sentence. Because Benson did not suffer prejudice from the entry of the invalid conviction into evidence and the district court's refusal to grant a downward departure is not appealable, we AFFIRM Benson's conviction and sentence.

## I. BACKGROUND

Benson was indicted on one count of felon-in-possession of a firearm and two counts of felon-in-possession of ammunition arising from a police checkpoint stop in September 1998, and a traffic stop in April 1999, both in Knoxville, Tennessee. At trial, the prosecution entered into evidence four prior felony convictions from Benson's criminal record without objection from defense counsel. The evidence presented, however, included a 1969 burglary conviction which had been set aside in *Benson v. State*, No. 1268, 1990 WL 3958 (Tenn.Crim.App. Jan.24, 1990).

Benson was convicted on all counts under 18 U.S.C. §§ 922(g)(1), 924(e). At sentencing, he requested a downward depar-

ture under USSG § 5H1.4 based on his physical impairments, including congestive heart failure, cardiomegaly, hypertension, an enlarged heart, acute pulmonary edema, high blood pressure, and asthma. The district court found that the condition of Benson's health was within the "heartland" of cases involving similar older defendants who had suffered from substance abuse addictions and thus denied the motion for a downward departure. It then sentenced Benson to 235 months in prison followed by five years of supervised release.

## II. DISCUSSION

When a party fails to raise a timely objection to an error at trial, this court reviews for plain error. *See* Fed. R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In addition, a district judge's refusal to grant a downward departure ordinarily is not appealable. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995).

■ To obtain a conviction under 18 U.S.C. § 922(g)(1), "the government must prove beyond a reasonable doubt" that: 1) "the defendant has a prior conviction for 'a crime punishable by imprisonment for a term exceeding one year,'" 2) "the defendant thereafter knowingly possessed the firearm and ammunition specified in the indictment," and 3) "the possession was in or affect[ed] interstate commerce." *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir.1998). On appeal, Benson's sole evidentiary issue focuses on the prosecution's introduction of a burglary conviction that was set aside and unrelated to the other drug-related convictions used in evidence. As only one felony conviction is

---

* The Honorable Julia Smith Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation.

necessary for conviction under § 922(g)(1), Benson argues that the prosecution prejudiced the jury against him by surreptitiously introducing an invalidated conviction in order to attack his credibility when he testified.

On appeal, "forfeited error 'may be noticed' only if it is 'plain' and 'affect[s] substantial rights.'" *Olano*, 507 U.S. at 732, 113 S.Ct. 1770. Thus, Benson must show that: 1) an unwaived legal rule was violated; 2) the resulting error was plain or obvious; and 3) the plain error resulted in prejudice that "affected the outcome of the district court proceedings." *Id.* at 732–34, 113 S.Ct. 1770 (citations omitted). In demonstrating plain error, the defendant bears the burden of persuasion regarding prejudice. *See id.* at 734, 113 S.Ct. 1770.

Because 18 U.S.C. § 921(20) prohibits the use of a conviction that has been set aside as proof of a prior felony conviction under § 922(g), the prosecution's use of the burglary conviction violated a statutory rule. However, we need not decide if the error was plain.

While he argues that the prosecution relied on the burglary conviction to impeach his credibility, Benson fails to show that it prejudiced him before the jury. In response to the prosecution's question if he "were a convicted felon many times over," in his testimony he truthfully agreed and raised the burglary conviction himself as an example of what a "damn fool" he was 30 years ago. He points to no other proof of the conviction's prejudicial influence. Based on the record, the jury reasonably could have relied on any of the other three felony convictions presented at trial, which satisfy the criteria of § 922(g), for the guilty verdict. Thus, Benson does not demonstrate that the error, if plain, affected his substantial rights.

▮ Benson also asserts that the district court abused its discretion at sentencing by not granting a downward departure for his physical impairments. Under USSG § 5H1.4, physical condition "is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range," but "an extraordinary physical impairment may be a reason to impose a sentence below" the range. Though Benson argues for an abuse of discretion standard, a district court's refusal to grant a downward departure ordinarily is not appealable. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995). Here, the district court noted that it could depart from the guidelines under § 5H1.4 but would not. It further stated that Benson was not entitled to a downward departure because his condition was within the "heartland" of cases regarding older defendants, particularly those with substance abuse problems.

Benson contends that his combined medical conditions qualify as an extraordinary physical impairment and that the district court's "heartland" comment shows that the court impermissibly made factual findings based on information beyond the record. We disagree. The district court did not clearly err in finding that Benson's health conditions did not qualify as extraordinary under § 5H1.4. *See United States v. McQuilkin*, 97 F.3d 723, 730 (3d Cir.1996). Further, its "heartland" comment recognized that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). By this statement, the district court simply explained that Benson's physical ailments were similar to other older defendants who suffered the ravages of substance abuse and thus were not exceptional. Because the district court did not impose the sentence "in violation of law or

as a result of an incorrect application of the guidelines," its refusal to grant a downward departure is not appealable. *Byrd,* 53 F.3d at 145 (citing 18 U.S.C. § 3742(a)).

AFFIRMED.