**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hector VELASQUEZ, Defendant–**
**Appellant.**

No. 00–6598.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before BATCHELDER and COLE,

Circuit Judges; GWIN, District Judge.*

Hector Velasquez, a federal prisoner, appeals his sentence entered upon his guilty plea to the charge of assault within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(3). The parties have affirmatively waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In their written plea agreement, the parties acknowledged that Velasquez had a prior felony conviction for both a crime of violence and a controlled substance offense thus qualifying him for career offender status pursuant to USSG § 4B1.1. At the sentencing hearing, Velasquez asked the court to be sentenced below the guideline range pursuant to USSG § 5K2.0. The district court denied the request and sentenced Velasquez to seventy-seven months of imprisonment and two years of supervised release.

In his timely appeal, Velasquez contends that the district court erred in refusing to depart downward from the guidelines sentence. In essence, Velasquez argues that peculiar facts with respect to his prior criminal record demonstrate that he should be treated as something less than a career offender under USSG § 4B1.1.

Velasquez's contention is not subject to review. A decision not to effect a downward departure is generally not cognizable on appeal. *United States v. Pickett,* 941 F.2d 411, 417 (6th Cir.1991). An appeal may be taken, however, when the district court believed that it lacked any authority to depart downward as a matter of law. *United States v. Landers,* 39 F.3d 643, 649 (6th Cir.1994). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell,* 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir. 1995). Nothing in the record supports the view that the district court was not aware of its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart downward. Thus, the district court's decision not to depart downward is not subject to review under 18 U.S.C. § 3742(a).

Accordingly, we hereby affirm the district court's judgment.

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.