**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dewayne MORRIS, Defendant–
Appellant.**

**No. 01–5635.**

United States Court of Appeals,
Sixth Circuit.

July 31, 2002.

Before: SILER, COLE, and CLAY,
Circuit Judges.

*ORDER*

Dewayne Morris appeals the sentence imposed by the district court upon his plea

of guilty to possessing with intent to distribute 205 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In light of Morris's classification as a career offender, the district court imposed an aggregate sentence of 322 months of imprisonment and 5 years of supervised release.

In his timely appeal, Morris does not dispute the district court's computation of the guideline range; rather, he contends that the district court erred in not recognizing a combination of factors which would afford consideration for a downward departure at sentencing.

Upon review, we conclude that any contention that the district court abused its discretion in failing to grant Morris's request for downward departure is not cognizable. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the Sentencing Guidelines or federal law. *United States v. Moore*, 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995).

Our review of the record reveals nothing to suggest that the district court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart, and counsel concedes that the defendant's sentence does not violate the guidelines or federal law. Thus, this court lacks jurisdiction to review this issue. *See Moore*, 225 F.3d at 643.

Accordingly, the district court's judgment is hereby affirmed.