**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gabriel GARCIA, Defendant–Appellant.**

No. 01–6531.

United States Court of Appeals, Sixth Circuit.

Nov. 5, 2002.

Before MERRITT and GILMAN, Circuit Judges; and TARNOW, District

Judge.*

## ORDER

Gabriel Garcia pleaded guilty to conspiring to distribute 500 or more grams of methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). On November 9, 2001, the district court departed downward from the applicable guideline range and sentenced him to 162 months of imprisonment. *See* USSG § 5K1.1 (2001). It is from this judgment that Garcia now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed here. Fed. R.App. P. 34(a).

Garcia argues that he was denied due process, as the presentence report noted his prior arrests on charges that had not led to convictions and the facts underlying those arrests were not proven by a preponderance of the evidence. However, the government was not required to submit this proof because Garcia did not challenge the accuracy of his arrest history at sentencing. *See United States v. Stafford*, 258 F.3d 465, 475 (6th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 1581, 152 L.Ed.2d 500 (2002). Moreover, the district court adequately protected his due process rights by following Fed.R.Crim.P. 32. *See United States v. Silverman*, 976 F.2d 1502, 1510 (6th Cir.1992). Indeed, Garcia admits that his prior arrests did not affect the calculation of his guideline range, and a sentence within that range generally fails to raise a viable issue for appellate review. *See Williams v. United States*, 503 U.S. 193, 205, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

Garcia argues that the district court should have departed further from the applicable guideline range, as his criminal history overstated the seriousness of his past conduct. However, the court was aware of its discretion to depart downward in appropriate cases, and its decision not to exercise that discretion here is simply not reviewable on appeal. *See United States v. Henderson*, 209 F.3d 614, 618 (6th Cir. 2000); *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995).

Our court allowed Garcia to file a pro se brief on the limited issue of whether his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Garcia now argues that a lab report indicated that some of the suspected methamphetamine was a "non-controlled substance" and that his sentence exceeded the one-year statutory maximum for distributing such a substance under 21 U.S.C. § 841(b)(1)(D). We review this claim for plain error as it was not raised in the district court. *See United States v. Krimsky*, 230 F.3d 855, 858 (6th Cir.2000).

The district court did not commit plain error here because Garcia pleaded guilty to engaging in a conspiracy to distribute 500 or more grams of a mixture containing "methamphetamine." There is no indication that the court failed to establish an adequate factual basis for this plea, and the lab report analyzed a substance that was not included in that factual basis. Thus, Garcia's *Apprendi* argument lacks merit because the 162–month sentence that he received fell below the maximum sentence of life imprisonment that is authorized by 21 U.S.C. § 841(b)(1)(A)(viii).

Finally, Garcia alleges that his attorney should have argued that he was incapable

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

of producing or distributing the amount of methamphetamine that was used to calculate his offense level. This ineffective assistance claim exceeds the ambit of our briefing order. In addition, this type of claim would more properly be raised in a motion to vacate under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Allison,* 59 F.3d 43, 47 (6th Cir. 1995).

Accordingly, all pending motions are denied as moot and the district court's judgment is affirmed.