**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dennis Leslie MCCALL, Defendant–Appellant.**

No. 02–5404.

United States Court of Appeals, Sixth Circuit.

Oct. 28, 2003.

Dan L. Newsom, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Leslie I. Ballin, Ballin, Ballin & Fishman, Memphis, TN, for Defendant–Appellant.

Before: DAUGHTREY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

OPINION

GILMAN, Circuit Judge.

Dennis Leslie McCall pled guilty to traveling across state lines for the purpose of engaging in a sexual act with an underage female. The district court sentenced him to 24 months of imprisonment. McCall appeals the district court's decision to adhere to the mandated sentencing range under the United States Sentencing Guidelines, arguing that his conduct met the criteria for a downward departure based upon "aberrant behavior." A district court's refusal to depart from the Guidelines is not reviewable by this court unless it appears that the district court was unaware that it had the discretion to grant a downward departure. Because the record reflects that the district court was fully aware of its authority to depart downward, we DISMISS the appeal for lack of jurisdiction.

I. BACKGROUND

A. Factual background

In June of 2001, Dennis Leslie McCall initiated communication through America On Line's instant messaging service with an undercover police officer posing as a fifteen-year-old female. Among other things, McCall suggested that they meet for a sexual encounter. The undercover police officer gave a diskette copy of the instant message conversations to the Federal Bureau of Investigation (FBI).

Posing as a thirteen-year-old female, an FBI agent began communicating with McCall through email and instant messaging. In these conversations McCall indicated that he wanted to engage in sexual intercourse and oral sex with the agent's thirteen-year-old persona. They decided to meet at an address suggested by the agent. On August 24, 2001, McCall left his home in Memphis, Tennessee and traveled to Olive Branch, Mississippi with the intent to meet and engage in sexual activity with an individual who he believed to be a thirteen-year-old female. McCall was arrested by federal agents and other law enforcement officers at the agreed-upon location.

Following the arrest, the government analyzed McCall's computer and found that he had communicated with three or four other females under the age of eighteen. FBI agents interviewed these young women and learned that McCall had made some sexually explicit statements to them, but the agents concluded that McCall did not have the intent to molest them. McCall later admitted that he had engaged in sexual communications with underage females over the Internet.

B. Procedural background

A federal grand jury indicted McCall on one count of using an interstate communication method to induce an underage fe-

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

male to engage in sexual intercourse, in violation of 18 U.S.C. § 2422(b), and on a second count of traveling interstate for the purpose of engaging in sex with a minor, in violation of 18 U.S.C. § 2243(a). On November 6, 2001, McCall pled guilty to the second count in exchange for the government's agreement to dismiss the first count.

McCall subsequently filed a position paper arguing that a downward departure from the prescribed sentencing range was warranted because, given his general character, his conduct should be considered "aberrant behavior." A sentencing hearing was held before District Judge Julia S. Gibbons on March 15, 2002. The district court found that McCall was not entitled to a downward departure for aberrant behavior and sentenced him to 24 months of incarceration and three years of supervised release.

## II. ANALYSIS

### A. Standard of review

The refusal of a district judge to make a downward departure from the sentencing range mandated by the Sentencing Guidelines is not ordinarily appealable. *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995). An appeal may be taken, however, where a district judge incorrectly believes that she lacks the discretion to deviate from the Guidelines. *United States v. Landers*, 39 F.3d 643, 649 (6th Cir.1994). "We review de novo whether the district court was aware of its authority to make a downward departure, examining the transcript of the sentencing hearing to make this determination." *United States v. Ridge*, 329 F.3d 535, 544 (6th Cir.2003).

### B. The district court's awareness of its discretion to grant a downward departure

The district judge has no duty to state affirmatively that she knows she has the authority to depart downward but declines to do so. *United States v. Prince*, 214 F.3d 740, 766 (6th Cir.2000). District judges are now quite familiar with the Sentencing Guidelines, which became operative in 1987. We therefore assume that if a district judge fails to grant a downward departure, it is not because she believed she lacked the discretion to do so, but rather because she found a downward departure unwarranted. *Byrd*, 53 F.3d at 145.

At the sentencing hearing, the district judge heard testimony from McCall's pastor and the father of a girl whom McCall coached on a youth soccer team. In addition, counsel presented findings from a psychologist's report on McCall, which indicated that McCall had an addictive personality disorder, presented a low risk of recidivism, and would be best served by remaining with his family and finding regular employment. McCall then spoke on his own behalf. He expressed remorse, explaining that he had lost his way after losing an executive position through corporate restructuring. McCall discussed his newfound relationship with God, his previous contributions to the community youth program, and his close-knit family.

The Presentence Report and hearing testimony present the picture of a decent man who became depressed after losing his job and, in his own words, "felt needed" when he was engaged in the illicit Internet conversations. McCall had been extensively involved in young women's soccer programs for many years and no allegations of impropriety had ever been lodged against him. The FBI agents also believed that he did not intend to molest any of the other young women with whom he was previously engaged in the sexually suggestive instant messaging. This was the context that caused the district judge to remark:

You know, this is just one of those cases that is really— it is hard when one looks at the overall situation, *but it is also a situation in which I really just don't have any discretion.* It is hard because we have an individual who has done much much good with his life, who is trying as hard as he can to do the right thing now, who has been a good— as far as we know, a good father, a good husband. He has done all of those things, but the guideline system of sentencing within the federal system is designed ... to take many of those variables out of the picture, and in fact specifically precludes consideration of them.

(Emphasis added.)

McCall argues that the italicized language above demonstrates that the district judge believed that she did not have any discretion to grant a downward departure from the mandated sentencing range based upon McCall's aberrant behavior. The government's explanation, however, is more convincing. Nowhere in the above-quoted passage does the district judge discuss the downward departure request or whether McCall's conduct constituted aberrant behavior under the Sentencing Guidelines. After reading the transcript in its entirety, we are satisfied that the district judge is making a more general statement about a judge's lack of discretion under the Guidelines to consider factors such as being a good father or a positive member of the community.

Although the district judge lamented her inability to deviate from the Sentencing Guidelines in McCall's case, she did understand that she had the discretion to grant a downward departure if warranted by the circumstances. She addressed this issue in the following colloquy:

The downward departure request is problematic because of the definition of aberrant behavior within the guidelines. It has to be a single criminal occurrence, a single criminal transaction committed without significant planning, and was of limited duration in addition to representing a marked deviation by the defendant from an otherwise law abiding life. The problem with the application of that to this case is that there were multiple contacts over a period of time.... So the Court cannot find in this case that the offense was committed without significant planning or that it was of limited duration, or that it was just a single transaction or occurrence. I mean it occurred over a period of time. And yet, it is just a— it's a hard case. But I really don't think I have any choice whatsoever, Mr. McCall. It appears that the government has negotiated with you a plea agreement that actually resulted in your being in a lower guideline range. And I just don't see what alternative I have in this case, other than to sentence you at the low end of the guideline range that applies here.

If the district judge had believed that she did not have the discretion to grant a downward departure for aberrant behavior, she would not have analyzed McCall's request as excerpted above. The judge set out what constitutes aberrant behavior according to the guidelines–a single occurrence that does not entail significant planning–and found that McCall's conduct did not fit this criteria. Clearly, the judge knew that she could depart from the prescribed sentencing range *if* McCall's conduct met the definition of aberrant behavior under the Sentencing Guidelines, but she simply did not think that the term fit McCall's case: "Within the definition of the Guidelines, it is very hard for me to see this as being aberrant behavior...."

The district judge's scattered statements throughout the hearing about not having a choice in sentencing McCall are best un-

derstood as a commentary on her being bound by the Sentencing Guidelines as a general proposition. We are convinced that the district judge understood that she had the discretion to grant a downward departure if the criteria were satisfied because she analyzed whether McCall's conduct met the criteria for aberrant behavior under the Guidelines. This is especially so because the judge in question was hardly a neophyte, having been on the bench for 19 years at the time of sentencing. Because the judge was aware of her discretion to grant McCall a downward departure, his appeal is not reviewable in this court.

### III. CONCLUSION

For all of the reasons set forth above, we DISMISS the appeal for lack of jurisdiction.