**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daniel CONTRERAS–GARCIA,**
**Defendant–Appellant.**

No. 03–5305.

United States Court of Appeals,
Sixth Circuit.

April 20, 2004.

Candace G. Hill, Terry M. Cushing, Asst. U.S. Attorney's, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Kevin M. Schad, Schad & Cook, Indian Springs, OH, for Defendant–Appellant.

Before SUHRHEINRICH, GIBBSONS, and SUTTON, Circuit Judges.

*ORDER*

Daniel Contreras–Garcia pleaded guilty to possessing methamphetamine for intended distribution, a violation of 21 U.S.C. § 841(a)(1). On February 24, 2003, he was sentenced to eighty-seven months of imprisonment and three years of supervised release. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed here. Fed. R.App. P. 34(a).

Contreras–Garcia's newly appointed counsel has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Contreras–Garcia did not file a timely response to counsel's motion, and an independent review of the record reveals no issue that would support a direct appeal in this case. *See id.*

The district court concluded that Contreras–Garcia was competent to enter his plea. It further established that he understood his rights, the nature of the charges, and the consequences of pleading guilty. Contreras–Garcia indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. He was represented by counsel and assisted by an interpreter, and he has not made any attempt to withdraw his plea. Hence, we conclude that there are no apparent grounds for challenging his conviction on direct appeal.

The presentence report indicated that Contreras–Garcia was subject to a sentencing guideline range of 120 to 135 months. He did not maintain any objections to this report, and the district court granted his attorney's motion for a sentence below the ten-year statutory minimum, pursuant to the safety-valve provision that is found at 18 U.S.C. § 3553.

Contreras–Garcia also moved for a downward departure because he had participated in the offense under duress and because he was a deportable alien. Counsel now suggests that he may wish to argue that the district court did not make an adequate ruling on this motion. This argument is refuted by the sentencing transcript, which shows that the court made a well-informed decision when it exercised its discretion not to depart further in the instant case. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). The suggested argument is also precluded by Contreras–Garcia's plea agreement, as it

contains an express waiver of his right to appeal any sentence that did not exceed the statutory maximum. Thus, he has waived his right to challenge his sentence on appeal. *See United States v. Allison,* 59 F.3d 43, 46–47 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.