**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joel Garcia CERVANTES, also known as Cuquin Garcia Moreno,**
**Defendant–Appellant.**

**No. 00–6405.**

United States Court of Appeals,
Sixth Circuit.

June 20, 2001.

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.*

Joel Garcia Cervantes appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cervantes pleaded guilty to being an illegal alien after having been deported after the commission of a violent felony in violation of 18 U.S.C. § 1326(a) and (b)(2). The district court sentenced Cervantes to sixty-six months of imprisonment.

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

On appeal, Cervantes's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cervantes has not responded to his counsel's motion to withdraw, despite being informed of his opportunity to do so.

Believing the appeal to be without merit, counsel submits the following issue for review: whether the district court erred by refusing to depart below the sentencing guideline range. Counsel candidly concedes that the defendant had no objections to the presentence report and found no legal errors in the sentence.

■■■■ Cervantes's issue on appeal is not cognizable. Cervantes argues that the district court erred by refusing to depart from the guideline range. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the Guidelines or federal law. *United States v. Moore,* 225 F.3d 637, 643 (6th Cir.2000). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell,* 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record remotely suggests that the district court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise discretion to depart under the guidelines. In this case, the district court stated: "I've

considered the defendant's motion for a downward departure and conclude that while Cervantes may have been a victim of poor timing, there's not a sufficient basis in this case for a downward departure." Thus, the district court was aware of its discretion to depart downward. Cervantes does not argue that the district court incorrectly interpreted the sentencing guidelines or that the sentence was imposed in violation of the law. Accordingly, this court lacks jurisdiction to review this issue. *See Moore,* 225 F.3d at 643.

We have further examined the record in this case, including the transcripts of Cervantes's guilty plea and sentencing hearings, and conclude that no reversible error is apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.