**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Keith Allen JONES, Defendant–
Appellant.**

**No. 01–5071.**

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

*ORDER*

Keith Allen Jones pleaded guilty to possessing cocaine base for intended distribution, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On December 13, 2000, he was sentenced to seventy months of imprisonment and four years of supervised release. It is from this judgment that Jones now appeals. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The attorney who represented Jones in district court has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Jones may wish to argue that he should have been sentenced below the applicable guideline range. Jones did not file a timely response to counsel's motion, and an independent examination of the record reveals no viable issue for appeal.

The district court established that Jones understood his rights, the nature of the charges, and the consequences of pleading guilty. Jones acknowledged a sufficient factual basis for his plea, and indicated that the decision to plead guilty was voluntary. He was represented by counsel, and has not made any attempt to withdraw his plea. Thus, we conclude that Jones's guilty plea was valid.

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

We note that Jones agreed to plead guilty to an information that charged him with possessing "more than five grams of cocaine base ('crack')" for intended distribution. He was properly advised that this offense carried a mandatory minimum sentence of five years and a maximum sentence of forty years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Moreover, Jones stipulated and acknowledged in open court that he was responsible for at least 6.5 grams of crack cocaine. Hence, his conviction did not offend the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Jones did not file any objections to the presentence report, and he did not raise any significant legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the present record.

The seventy-month sentence that Jones received was authorized by statute, and it fell at the very bottom of the applicable guideline range. Furthermore, there is no indication that the district court was unaware of its discretion to depart from that range in appropriate cases. Thus, counsel's suggested argument is unavailing, as the court's decision not to depart downward in Jones's case is not cognizable on appeal. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.