**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph A. SMITH, Defendant–**
**Appellant.**

**No. 00–3728.**

United States Court of Appeals,
Sixth Circuit.

Nov. 2, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

### ORDER

Joseph A. Smith appeals his sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The district court sentenced Smith to 100 months of imprisonment and five years of supervised release.

On appeal, Smith's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Smith has not responded to his counsel's motion to withdraw.

Believing the appeal to be without merit, counsel submits the following issue for review: whether the district court erred by refusing to depart below the sentencing guideline range. Counsel candidly concedes that the defendant had no objections to the presentence report and found no legal errors in the sentence.

■■■■ Smith's issue on appeal is not cognizable. Smith argues that the district court erred by refusing to depart from the guideline range. A district court's failure

to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the Guidelines or federal law. *United States v. Moore,* 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett,* 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell,* 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record remotely suggests that the district court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart, and counsel concedes that the defendant's sentence does not violate the Guidelines or federal law. Accordingly, this court lacks jurisdiction to review this issue. *See Moore,* 225 F.3d at 643.

We have further examined the record in this case, including the transcripts of Smith's guilty plea and sentencing hearings, and conclude that no reversible error is apparent from the record.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.