**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bobby L. DOCKERY, Defendant–**
**Appellant.**

No. 01–6567.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

Bobby L. Dockery appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Dockery of being a felon in possession of a firearm, a violation

of 18 U.S.C. § 922(g)(1). He was sentenced to 120 months of imprisonment to be followed by three years of supervised release.

In this timely appeal, Dockery's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Dockery was notified of counsel's motion to withdraw. He has not responded.

We will grant the motion to withdraw, as it reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether the evidence was sufficient to support the jury's verdict, and (2) whether the district court abused its discretion in denying Dockery's motion for a downward departure. Counsel states these issues but concedes that they lack merit.

■ Upon review, the record reflects that there was sufficient evidence to support the jury's verdict. Sufficient evidence exists if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hilliard v. United States*, 157 F.3d 444, 447 (6th Cir.1998). In assessing the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.1995). In order to convict under § 922(g)(1), the government must prove: " '(1) that the defendant had a previous felony conviction, (2) that the defendant possessed a firearm, and (3) that the firearm had traveled in or affected interstate commerce.' " *United States v. Moreno*, 933 F.2d 362, 372 n. 1 (6th Cir. 1991) (quoting *United States v. Petitjean*, 883 F.2d 1341, 1347 (7th Cir.1989)).

Dockery stipulated that the first and third enumerated elements were satisfied. At trial, two police officers testified that they found Dockery with a rifle in his hands. The evidence was not insufficient.

■ The district court did not err in rejecting Dockery's request for a downward departure, which he sought on the basis of his long history of mental health problems and substance abuse. A decision not to effect a downward departure is generally not cognizable on appeal. *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995).

A review of the sentencing transcript reveals that the district court rejected the request for a downward departure because Dockery had received mental health treatment in the past and had ignored or failed to respond to this treatment by persisting in his abuse of drugs and alcohol. The record reveals no indication that the district court believed it lacked the authority to grant the departure.

Lastly, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.