**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jamary Lawonne WEEKS,**
**Defendant–Appellant.**

**No. 02–1619.**

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and ECONOMUS, District Judge.*

### *ORDER*

Jamary Lawonne Weeks pleaded guilty to possessing approximately six grams of cocaine base for intended distribution, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(b). On April 24, 2002, Weeks was sentenced as a career offender to 192 months of imprisonment and five years of supervised release. His appeal from that judgment has been referred to a panel of

of Ohio sitting by designation.

this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Weeks's attorney has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Moreover, an independent review of the record reveals no issue that would support a direct appeal.

The rearraignment transcript indicates that Weeks's guilty plea was valid and that the district court substantially complied with Fed.R.Crim.P. 11. The court generally established that Weeks understood his constitutional rights, the nature of the charge, and the consequences of his plea. Weeks indicated that his guilty plea was voluntary, and he acknowledged a sufficient factual basis for his plea. Weeks was represented by counsel, and he has not made any attempt to withdraw his plea. Under these circumstances, we conclude that his guilty plea was constitutionally valid.

Counsel now suggests that Weeks may wish to argue that the district court did not comply with Fed.R.Crim.P. 11(c)(3), insofar as it did not specifically advise him that he would have the right to appointed counsel at trial. Weeks did not raise this argument in the district court. Thus, he must show that it involves plain error that affected his substantial rights. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Weeks cannot meet this burden because he was fully advised of his rights at his initial appearance before the court, as indicated by a declaration of rights form that he and his attorney signed at that time. It must be presumed that Weeks recalled the court's advice regarding his right to counsel from

these proceedings. *See id.* at 1055–56. Hence, the court's failure to fully comply with Rule 11 at his rearraignment was merely harmless error. *See* Fed. R.Crim.P. 11(h); *Vonn,* 122 S.Ct. at 1055–56.

Counsel suggests that Weeks may wish to argue that the district court should have granted his motion to depart from the applicable guideline range, as his criminal history category over-represented his past criminal conduct. However, the record plainly shows that the sentencing judge was aware of his discretion to depart downward in appropriate cases. Thus, his informed decision not to exercise that discretion here is not reviewable on appeal. *See United States v. Henderson,* 209 F.3d 614, 618 (6th Cir.2000); *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995).

Weeks did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the present record. The undisputed information in the presentence report supports a guideline range of 188 to 235 months. Weeks's sentence fell near the bottom of that range and well below the forty-year statutory maximum. *See* 21 U.S.C. § 841(b)(1)(B)(iii). In addition, a five-year term of supervised release was authorized by 18 U.S.C. § 3583(b).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.