**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mohamad K. HASSAN, also known
as Abdul A. Duaij, Defendant–
Appellant.**

No. 02–5914.

United States Court of Appeals,
Sixth Circuit.

June 6, 2003.

Before KEITH, BATCHELDER, and CLAY, Circuit Judges.

*ORDER*

Mohamad K. Hassan appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hassan pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371, aiding and abetting fraud in connection with possession and unlawful use of five or more false identification documents in violation of 18 U.S.C. §§ 1028(a)(3) and 2, aiding and abetting the interstate transportation of stolen goods, wares and merchandise with a value in excess of $5,000 in violation of 18 U.S.C. §§ 2314 and 2, and aiding and abetting the knowing, passing, uttering and presentation of a false and fictitious business check in violation of 18 U.S.C. §§ 514(a)(2) and 2. The district court sentenced Hassan to twenty-seven months of imprisonment and three years of supervised release.

On appeal, Hassan's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hassan has not responded to his counsel's motion to withdraw, despite being informed of his opportunity to do so.

Upon review, we hereby grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings. Believing the appeal to be without merit, counsel submits the following issues for review: 1) whether Hassan pleaded guilty knowingly and voluntarily; and 2) whether the district court erred by refusing to depart below the sentencing guideline range.

Hassan entered a valid guilty plea. A plea of guilty is valid if entered voluntarily,

knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the plea hearing, the district court extensively and carefully reviewed with Hassan the rights he was waiving and the maximum penalty he faced under the applicable statute, including the length of imprisonment and supervised release. After being informed of his rights and the potential penalties, Hassan expressly acknowledged his guilt. Thus, the record reflects that Hassan understood the rights that he was waiving, and that he understood the potential penalties associated with his crime. Therefore, the district court properly accepted Hassan's guilty plea.

The district court also properly sentenced Hassan. Hassan was initially subject to a guideline range of 57 to 71 months of imprisonment based upon a criminal history category VI and an adjusted offense level of 18. At the sentencing hearing, Hassan was successful in getting his total offense level reduced to 13, and despite the parties' understanding that the government would not move the court for a downward departure pursuant to USSG § 5K1.1, the government made such a motion and Hassan received an additional two-level downward departure. Thus, Hassan was sentenced at the low end of the applicable guideline range.

Hassan's remaining issue on appeal is not cognizable. Hassan argues that the district court erred by refusing to depart from the guideline range. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the Guidelines or federal law. *United States v. Moore,* 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett,* 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell,* 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir. 1995). Nothing in the record remotely suggests that the district court incorrectly believed that it could not consider defendant's mitigating circumstances and exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart and denied the motion based on the facts of the motion and not on the ground that it lacked authority to depart. Accordingly, this court lacks jurisdiction to review this issue. *See Moore,* 225 F.3d at 643.

Finally, we have reviewed the record, including the transcripts of Hassan's guilty plea hearing and sentencing proceeding, and discovered no error warranting reversal of Hassan's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.