UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Jay HUGHES, Defendant–
Appellant.

No. 03–1389.

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 2003.

Andrew B. Birge, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Federal Public Defenders Office, Western District of Michigan, Grand Rapids, MI, for Defendant–Appellant.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

*ORDER*

Michael Jay Hughes pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). On March 14, 2003, Hughes was sentenced to twenty-four months of imprisonment and three years of supervised release. His appeal has been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hughes's attorney has filed a motion to withdraw and a brief indicating that there

are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hughes has not filed a timely response to this motion, and an independent examination of the record reveals no issue that would support a viable direct appeal. *See id.*

A review of the rearraignment transcript indicates that Hughes was competent to enter his plea. The district court also established that he understood his rights, the nature of the charges, and the consequences of his plea. Hughes indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. He was represented by counsel, and he has not made any attempt to withdraw his plea. Under these circumstances, we conclude that there is no colorable basis for challenging the validity of his plea on direct appeal.

Hughes did not have any unresolved objections to the presentence report, which indicated that he was subject to a sentencing guideline range of 18 to 24 months of imprisonment. Instead, he moved for a downward departure from the applicable guideline range, primarily alleging that his criminal history category overrepresented the seriousness of his past conduct. However, the record shows that the sentencing judge was aware of his discretion to depart from the applicable range in appropriate cases. Thus, the district court's decision not to exercise that discretion in the instant case does not provide a viable issue for appeal. *See United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir.2000); *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995).

Hughes did not raise any other significant legal arguments at sentencing, and he has forfeited any other sentencing claims that he might have had in the absence of plain error that affects his substantial rights. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996). No such error is apparent from the present record. Hence, any direct challenge to his sentence would be unavailing. In this regard, we note that the district court's failure to advise Hughes of his right to appeal amounted to no more than harmless error, as he did file a timely appeal. *See United States v. DiPina,* 230 F.3d 477, 486 n. 6 (1st Cir.2000).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.