UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas Wayne FORK, Defendant–
Appellant.

No. 03–2199.

United States Court of Appeals,
Sixth Circuit.

April 29, 2004.

Michael L. Schipper, Asst. U.S. Attorney, Grand Rapids, MI, for Plaintiff–Appellee.

Before DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.*

## ORDER

Thomas Wayne Fork appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Fork pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A presentence investigation report was prepared that scored Fork with eight criminal history points for a criminal history category of IV and a

---

* The Honorable Jon Phipps McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

total offense level of twenty-three. The resulting guideline range was seventy to eighty-seven months. At sentencing, Fork moved for a downward sentencing departure. The district court declined that motion and sentenced Fork to seventy months of imprisonment. Fork appeals.

On appeal, Fork's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Fork has not responded to his counsel's motion to withdraw.

Upon review, we grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits no issues for review.

■ Fork entered into a valid plea agreement. A plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Fork entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Fork knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis

exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court very carefully reviewed with Fork the provisions of the plea agreement and the rights he was waiving. The district court read the charges in the indictment and explained the consequences of Fork's plea in terms of the possible length of sentence. Fork told the district court that he understood the charges and the consequences of his plea. The district court specifically addressed Fork's right to trial by jury, the right to subpoena witnesses, the right to counsel, the presumption of innocence, the government's burden of proof, and the right not to testify. Fork stated that he understood the rights he was waiving and acknowledged his guilt. Thus, the district court met the requirements of Fed. R.Crim.P. 11. Consequently, the record reveals that Fork knowingly, intelligently, and voluntarily pleaded guilty.

The district court properly sentenced Fork in accordance with the parties' plea agreement, and Fork did not object to the presentence investigation report that called for a sentencing range of seventy to eighty-seven months of imprisonment. The presentence report was consistent with Fork's guilty plea agreement in this regard. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Our review of the sentencing calculation reveals no plain error.

■ The district court's decision declining to grant Fork a downward departure is not cognizable on appeal. At sentencing, Fork argued that he should be granted a downward departure because his criminal history score over-represented the seriousness of his criminal history or the likeli-

hood that he would commit further crimes, and the disparity between the federal and state sentences for being a felon in possession of a firearm warranted a departure. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the Guidelines or federal law. *United States v. Moore*, 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record suggests that the district court incorrectly believed that it could not exercise its discretion to depart under the Guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart and denied the motion based on the facts and not on the ground that it lacked authority to depart. Accordingly, we lack jurisdiction to review this issue. *See Moore*, 225 F.3d at 643.

We have further examined the record in this case, including the transcripts of Fork's guilty plea and sentencing hearings, and conclude that no reversible error is apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.