**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Willie FIELDS, Defendant–Appellant.**

**No. 03–1544.**

United States Court of Appeals,
Sixth Circuit.

May 4, 2004.

B. Rene Shekmer, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Kenneth P. Tableman, Asst. F.P. Defender, Grand Rapids, MI, for Defendant–Appellant.

Before SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

*ORDER*

Willie Fields appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Fields pleaded guilty to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced Fields to 156 months of imprisonment and three years of supervised release.

On appeal, Fields's counsel moves to withdraw and files a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Fields has not responded to his counsel's motion to withdraw, despite being informed of his opportunity to do so.

We hereby grant counsel's motion to withdraw as it reflects that counsel has

reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits the following issues for review: 1) whether this court has the authority to review the district court's decision to deny his request for a downward departure based on Fields's argument that his scoring as a career offender overstated the seriousness of his criminal history; 2) whether the district court erred in not granting him a downward departure based on his substantial assistance to the government; and 3) whether this court may consider on direct appeal claims of ineffective assistance of trial counsel.

Before proceeding to the issues, we conclude that Fields entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

■ The record in this case clearly reflects that Fields entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Fields knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988).

At the plea hearing, the district court very carefully reviewed with Fields the provisions of the plea agreement and the rights he was waiving. The district court read the charges in the indictment and explained the consequences of Fields's plea in terms of the possible length of sentence. Fields told the district court that he understood the charges and the consequences of his plea. The district court specifically addressed Fields's right to trial by jury, the right to subpoena witnesses, the right to counsel, the presumption of innocence, the government's burden of proof, and the right not to testify. Fields stated that he understood the rights he was waiving and acknowledged his guilt. Thus, the court met the requirements of Fed.R.Crim.P. 11. Consequently, the record reveals that Fields knowingly, intelligently, and voluntarily pleaded guilty.

The district court properly sentenced Fields. The district court concluded that Fields was a career criminal whose criminal history category was VI and that his total offense level was 29. A criminal history category of VI and offense level of 29 yields a sentencing range of 151–188 months of imprisonment. The district court sentenced Fields to the lowest possible term of imprisonment within the sentencing range.

■ The district court lacked authority to grant Fields's request for a downward departure pursuant to USSG § 5K1.1. A district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. *Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Section 5K1.1 of the Sentencing Guidelines allows a sentencing court to depart from the guidelines if the

government files a motion indicating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime. *See* USSG § 5K1.1. Courts may only review the government's refusal to file the motion to determine whether its decision was based on unconstitutional motives. *United States v. Benjamin,* 138 F.3d 1069, 1073 (6th Cir.1998). The government's decision may not be reviewed for bad faith. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000). Fields does not assert that the government's failure to file a § 5K1.1 motion was based upon an unconstitutional motive, and an independent review of the record reveals no evidence that the government's failure to file a § 5K1.1 motion was so motivated.

A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the guidelines or federal law. *Moore,* 225 F.3d at 643; *United States v. Pickett,* 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply, *United States v. Russell,* 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995). Nothing in the record suggests that the district court incorrectly believed that it could not exercise its discretion to depart under the guidelines. In fact, the record is not ambiguous and reveals that the district court fully understood that it had the power to depart and denied the motion based on the facts and not on the ground that it lacked authority to depart. Accord-

ingly, this court lacks jurisdiction to review this issue. *See Moore,* 225 F.3d at 643.

Lastly, to the extent that Fields might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz,* 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser,* 241 F.3d 460, 474 (6th Cir. 2001). The customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper postconviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); *United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996). There exists no justification for departing from the customary procedure in this case. We have further examined the record in this case, including the transcripts of Fields's guilty plea and sentencing hearings, and found no reversible error apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.